**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION - COLUMBUS**

In re:

SHAWN J. WILDERMUTH AND,                  Case No. 19-50809
JANA S. WILDERMUTH,

                                          **Chapter 12**
              Debtors and.                **JUDGE PRESTON**
              Debtors-in-Possession.

**MOTION OF SECURED CREDITOR, JOHN DEERE FINANCIAL,
FOR RELIEF FROM AUTOMATIC STAY**

John Deere Financial ("Deere"), a secured creditor herein, moves the court for relief from

automatic stay, pursuant to §362(d) of the Bankruptcy Code, Bankruptcy Rules 4001 and 9014,

and LBR 4001-1 and 9013-1, with respect to the following equipment which Deere leased to

debtor, Shawn J. Wildermuth ("Debtor") and which Debtor, pursuant to the Chapter 12 plan,

wishes to reject said leases and surrender:

- John Deere model 9510 R Tractor (Serial No. 1RW9510RLDP902543) (the "JD 9510RT

  Tractor")

- John  Deere 8345RRW Row Crop Tractor (Serial No. 1RW8345RPAD013516) (the "JD

  8345 Row Crop Tractor"); and

- John Deere 8400R Tractor (Serial No. 1RW8400RKHS119503) (the " JD 8400R Tractor")

The grounds in support of the motion are set forth in the memorandum below. Debtors, Shawn Wildermuth and Jana Wildermuth, and the Trustee are in agreement with this motion and a proposed Agreed Order is being submitted for the court's consideration.

Respectfully submitted,

**LUPER NEIDENTHAL & LOGAN**
A Legal Professional Association

/s/ Douglas J. Segerman_____
Douglas J. Segerman (0064779)
1160 Dublin Road, Suite 400
Columbus, OH 43215
Phone: (614) 221-7663
Fax: (866) 345-4948
Email: DSegerman@LNLattorneys.com
*Attorney for Movant and Secured Creditor,*
*John Deere Financial*

2

## MEMORANDUM IN SUPPORT OF MOTION

### Account #000 – Lease of JD 8400R Tractor

1.      On or about November 6, 2017, John Deere Financial ("Deere"), as lessor, and debtor Shawn J. Wildermuth ("Debtor"), as lessee, entered into a John Deere Lease Agreement (the "JD 8400R Agreement") for the lease of:

- 2017 John Deere model 8400R Tractor (Serial No. 1RWQ8400RKHS119503) (the "JD 8400R Tractor")

A copy of the **8400R Agreement** is attached hereto as **Exhibit A**.

2.      Pursuant to the terms of the JD 8400R Agreement, Debtor agreed to make ten (10) semi-yearly payments of $17,625.41 each commencing on April 25, 2018. The estimated value of the JD 8400R Tractor at the time of filing the petition was $249,397.00.

3.      Debtor made the first two payments under the JD 8400R Agreement and failed to make further payments and therefore is in default of his obligations under the Agreement.

4.      Upon information and belief, the JD 8400R Tractor is declining in value.

5.      A continuing restriction on the right of Deere to enforce its rights under the laws of the State of Ohio will increase the claim of Deere to the detriment of other creditors in this proceeding.

6.      The security interest of Deere is not adequately protected and Debtor wishes to reject the lease and surrender the JD 8400R Tractor to Deere.

7.      Deere is entitled to relief from the automatic stay under Bankruptcy Code §362(d) based upon the belief that the equipment is declining in value while failing to submit payment to Deere pursuant to the JD 8400R Agreement. The amount owed at the time the petition was filed was $383,356.37.

8.    The JD 8400R Tractor is of no value and benefit to the estate, Debtor wishes to

reject the lease and the Trustee is in agreement that the JD8400R Tractor has no benefit to the

estate.

**Account #003 – 8345 Row Crop Tractor**

9.    On or about October 20, 2016, Deere, as lessor, and Debtor, as lessee, entered into

a John Deere Lease Agreement (the "8345 Agreement") for the lease of:

- JD 8345 Row Crop Tractor (Serial No. 1RW8345RPAD013516)
  (the "JD 8345 Row Crop Tractor")

A copy of the **8345 Agreement** is attached hereto as **Exhibit B**.

10.    Pursuant to the terms of the 8345 Agreement, Debtor agreed to make five (5) yearly

payments of $16,485.91 each commencing on October 20, 2016. The estimated value of the JD

8345 Row Crop Tractor at the time of filing the petition was $130,384.00.

11.    Debtor made the first two payments under the 8345 Agreement and failed to make

further payment and therefore is in default of his obligations under the 8345 Agreement.

12.    Upon information and belief, the JD 8345 Row Crop Tractor is declining in value.

13.    A continuing restriction on the right of Deere to enforce its rights under the laws of

the State of Ohio will increase the claim of Deere to the detriment of other creditors in this

proceeding.

14.    The security interest of Deere is not adequately protected and Debtor wishes to

reject the lease and surrender the JD 8345 Row Crop Tractor to Deere.

15.    Deere is entitled to relief from automatic stay under Bankruptcy Code §362(d)

based upon the belief that the equipment is declining in value while failing to submit payment to

Deere pursuant to the 8345 Agreement. The amount owed at the time the petition was filed was

$168,925.45.

16.     The JD 8345 Row Crop Tractor is of no value and benefit to the estate, Debtor wishes to reject the lease and the Trustee is in agreement that the JD 8345 Row Crop Tractor has no benefit to the estate.

**Account #004 – JD 9510RT Crawler Track Tractor**

17.     On or about March 7, 2017, Deere, as lessor, and Debtor, as lessee, entered into a John Deere Lease Agreement (the "9510 Agreement") for the lease of:

- JD 9510RT Track Tractor (Serial No. 1RW9510RLDP902543)
  (the "JD 9510RT Tractor")

A copy of the **9510 Agreement** is attached hereto as **Exhibit C**.

18.     Pursuant to the terms of the 9510 Agreement, Debtor agreed to make ten (10) semi-yearly payments of $12,130.88 each commencing on May 28, 2017. The estimated value of the JD 9510RT Tractor at the time of filing the petition was $189,349.00

19.     Debtor made the first three payments under the 9510 Agreement and failed to make further payment and therefore is in default of his obligations under the 9510 Agreement.

20.     Upon information and belief, the JD 9510RT Tractor is declining in value.

21.     A continuing restriction on the right of Deere to enforce its rights under the laws of the State of Ohio will increase the claim of Deere to the detriment of other creditors in this proceeding.

22.     The security interest of Deere is not adequately protected and debtor wishes to reject the lease and surrender the JD 9510RT Tractor to Deere.

23.     Deere is entitled to relief from the automatic stay under Bankruptcy Code §362(d) based upon the belief that the equipment is declining in value while failing to submit payment to Deere pursuant to the 9510 Agreement. The amount owed at the time the petition was filed was $238,158.78.

24.     The JD 9510RT Tractor is of no value and benefit to the estate. Debtor wishes to reject the lease and the Trustee is in agreement that the JD 9510RT Tractor has no benefit to the estate.

25.     Debtors and the Trustees consent to the Relief from Stay and the surrender of the JD 8400R Tractor, JD 8345 Row Crop Tractor, and JD 9510RT Tractor.

**WHEREFORE**, Deere & Company prays that it be granted relief from the automatic stay with respect to the equipment described above.


Respectfully submitted,

**LUPER NEIDENTHAL & LOGAN**
A Legal Professional Association

/s/ Douglas J. Segerman_____
Douglas J. Segerman (0064779)
1160 Dublin Road, Suite 400
Columbus, OH 43215
Phone: (614) 221-7663
Fax: (866) 345-4948
Email: DSegerman@LNLattorneys.com
*Attorney for Movant and Secured Creditor,*
        *John Deere Financial*

## NOTICE OF MOTION

John Deere Financial has filed papers with the court to obtain relief from the automatic stay. **Your rights may be affected**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you do not want the court to grant the relief sought in the motion, then on or before **twenty-one (21) days from the date set forth in the certificate of service for the motion**, you must file with the court a response explaining your position by mailing your response by regular U.S. mail to:

> Clerk
> U.S. Bankruptcy Court
> 170 North High Street
> Columbus, OH 43215-2414

OR your attorney must file a response using the court's ECF System. The court must **receive** your response on or before the above date. You must also send a copy of your response either by 1) the court's ECF System or by 2) regular U.S. mail to:

> Douglas J. Segerman          (Email: DSegerman@LNLattorneys.com)
> Luper Neidenthal & Logan
> 1160 Dublin Road, Suite 400
> Columbus, OH 43215
> Phone: (614) 229-4404
> Fax: (866) 345-4948
> *Attorney for Movant and Secured Creditor,*
> *        John Deere Financial*

> Nick V. Cavalieri          (Email: ncavalieri@baileycav.com)
> Matthew T. Schaeffer          (Email: mschaeffer@baileycav.com)
> Bailey Cavalieri
> 10 W Broad Street, Suite 2100
> Columbus, OH 43215
> *Attorneys for Debtor Shawn Jacob Wildermuth,*
> *        And Joint Debtor Jana Sue Wildermuth*

> Shawn Jacob Wildermuth
> Jana Sue Wildermuth
> 7690 County Road 53
> Lewistown, OH 43333

> Mary Anne Wilsbacher          (Email: MaryAnne.Wilsbacher@usdoj.gov)
> USDOJ – Office of the U.S. Trustee
> 170 North High Street, Suite 200
> Columbus, OH 43215
> *U.S. Trustee*

Frank M. Pees                    (Email: trustee@ch13.org)
130 East Wilson Bridge Road
Suite 200
Worthington, OH 43085
*Trustee*

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief without further hearing or notice. A failure to file a response and accompanying memorandum on a timely basis may cause the stay to be lifted.

Date: <u>October 11, 2019</u>                    /s/ Douglas J. Segerman_____
                                                Douglas J. Segerman (0064779)

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Motion of Secured Creditor, John Deere Financial, for Relief from Automatic Stay* was served **electronically** on October 11, 2019 through the Court's ECF System on all ECF participants registered in this case at the email address registered with the court.

/s/ Douglas J. Segerman_____
Douglas J. Segerman (0064779)

And by **ordinary U.S. mail**, on October 11, 2019 addressed to all parties shown below:

Shawn Jacob Wildermuth
Jana Sue Wildermuth
7690 County Road 53
Lewistown, OH 43333

/s/ Douglas J. Segerman_____
Douglas J. Segerman (0064779)

8